By the Court.—Sedgwick, J.
The question ably argued for the appellant, as to whether a man and wife can be partners in business, comes up only incidentally on this appeal. The plaintiff’s position is that they were so severally interested in the personal property alleged to have been converted, that they had a right to sue jointly for its conversion. The defendant maintains that because the plaintiffs were husband and wife the law does not permit them to make a partnership for business purposes. Upon that, in connection with the facts of the case, it is further maintained that upon the *486 wife putting into the'business, done jointly by herself and her husband, her own earnings, which were used with her husband’s money to buy furniture for the purposes of the business, such furniture became the sole property of the husband, and that a right of action for the conversion of that belonged to him only, and not to him and her jointly.
It would not, however, follow from the invalidity of an attempt of a man and wife to form a business co-partnership, that both or either should lose their rights of property in what they contributed. The money used by each was solely his or hers, and when money owned by both was turned into other property, they held the same interests in that property that they had had in the money. There is nothing to forbid the sole and separate property of each being an undivided interest. If the undivided interest of one subsists in a chattel in Which the other has an undivided interest, there does not seem to be any reason for thinking that their inter- • ests coalesced. If they did, it might be a puzzling matter to decide to whom the whole belonged. Equity, at the suit of either, will set apart the respective interests in case there should be any necessity of resorting to the courts (Moore v. Moore, 47 N. Y. R. p. 467).
I do not think that the counsel for appellant is right in his position, that if personal property is sold to a man and his wife together, that they may not hold the relation of tenants in common of it. Personal property may be held jointly or in common, like real estate (Williams’ Personal Property, 3d Am. ed. p. 379 and p. 387). There is nothing to prevent such rights being created, if such be the convention of the parties. In equity, husband and wife are not one in such sense that they may not make a binding agreement between themselves as to the separate property of each. In Livingston v. Livingston, 2 J. Ch. p. 539, it was held that a husband and wife may in equity contract for a boná-fide and valuable consideration for a transfer of property from him to her. If *487 they can agree at all, it will not make any difference whether the agreement relates to real property or to personal property, or whether it is an express or an implied agreement.
It is not a consequence of this that a husband and wife have capacity to make the legal contract of a business copartnership. The law has made such rules in respect of the relations of man and wife, that it would be inconsistent with those that they should become partners in business.
There is no doubt that the various acts for the protection of a married woman’s property have left her, in many respects, as the common law placed her, under the control and in the power of her husband. Judge Andrews said in Rowe v. Smith, 45 N. Y. p. 233, that these acts left unaffected the liability of the husband for the strictly personal torts of the wife, and that this liability proceeded upon the theory that the marriage subjected the wife to the dominion and control of the husband (Baum v. Mullen, 47 N. Y. R. p. 579). Such a dominion and control cannot be exercised by one partner in business over another, without a change of those legal relations which have formed the important characteristic of a partnership. In case a wife has a separate property, although domestic circumstances may keep her home, or she may be kept there by the lawful exercise of a husband’s power over her in a proper contingency, he will not have power to dispose of that property. If they were business partners he might legally keep her home and legally dispose of the partnership property at the place of business. I do not believe that the legislature contemplated such an incongruity of rights and duties which accompany the formation of business partnerships between husband and wife.
Married women have been clothed with many power,s which are ordinarily used by persons in becoming co-partners. The power to enter into business with the *488 husband is not expressly given, nor is it necessarily implied in the power to enjoy to the fullest extent the rights that are given. The eighth section of the act of March 20, 1860, says “ that no bargain or contract entered into by any married woman, in or about the carrying on of any trade or business, under any statute of this State, shall be binding upon her husband, or render him or his property in any way liable therefor.” There may be no doubt that this would not absolve the husband from the obligation of a contract he helped to make, or in any way authorized to be made ; but it seems almost impossible that such a provision should not suggest some enactment as to the consequences of a partnership between man and wife, if the statute makers had meant to allow them to form one.
It is not necessary to definitely decide this here. We have seen that the plaintiffs’ claim was that they were so interested as owners in the property that they had a right to sue jointly. If the argument of the appellant’ s counsel is correct, the husband was sole owner. The motion to dismiss the complaint was made as tó both plaintiffs, not as to each. Under Palmer v. Davis, 28 N. Y. R. p. 242, and Ackley v. Tarbox, 31 N. Y. R. p. 564, an objection might have been taken on demurrer or by answer that no cause of action existed in favor of either of the plaintiffs severally, or on the trial that it so appeared by the evidence, and in such case the action might have been dismissed as to such one. Judgment is to be given in favor of that one of the several plaintiffs (Code, § 274) in whom there appears to be a cause of action (Calkins v. Smith, 48 N. Y. R. p. 614). The position cannot be maintained on the facts here, that neither of the plaintiffs had any cause of action. The objection must be taken in the right form at the right time. After judgment it is immaterial to the defendant that one more plaintiff appears as owner than the facts warranted. The defendant is not harmed by that.
*489 The next exception was to the admission of a question in respect of the value of the property. One of the plaintiffs, Louis Chambovet, was asked, when he was a witness in his own behalf, “ What was the value or what was the amount you paid for the furniture you had in Wooster Street?” An objection was taken “thatthe witness was not shown to be an expert, or that he had any knowledge of the value. ’ ’ The court overruling the objection, the witness answered “thathe could not buy them for less than $3,000.” The answer was also objected to, but allowed to stand, and exceptions were made. Here the opinion of the witness was asked for by the question and given by the answer. The answer did not speak to the fact of what the witness had paid, or had known to be paid, for the property. The rule is, that a witness, to be permitted to testify to an opinion as to value, must be shown affirmatively to be competent to form an opinion from a peculiar knowledge of the article and its value (Turpenning v. The Corn Exchange Ins. Co., 43 N. Y. R. p. 282; Clark v. Baird, 8 N. Y. R. p. 183). In this case there was no fact tending to show that the witness was competent to express his opinion as to value. I think there was error in allowing the question to be asked and the answer to it to stand.
Against the objection of the defendant, the plaintiffs were allowed to give evidence as to what was said and done between them, and the defendant as to the chattel mortgage before it was made. The objection was that all the negotiations and dealings between the parties in reference to the mortgage were merged in it when it was executed and delivered, and that as long as it had not been cancelled or reformed in a competent legal proceeding, it stood as the only evidence of the contract. The admissibility of the evidence was supported on the ground that it would appear from it, that the real agreement of the parties did not provide that there *490 should be a covenant in the mortgage, that in case of a removal of the mortgaged property, the rent for the unpaid term should then become due and payable, and that the plaintiffs being illiterate and ignorant, were fraudulently induced by the defendant to sign the mortgage with such a provision, they not knowing that it had been inserted.
I think there could be no hesitation as to what the rule is, if this case were such that the mortgagee had brought an action at law on the mortgage, he setting it out in his complaint with the disputed clause, and the mortgagors had answered that they had never made said mortgage. In such case (1 Chitty Pl., 12th Am. ed. p. 483; 1 Smith's Lead. C., pp. 629 and 635; Van Valkenburgh v. Rouk, 13 Johns, p. 337; Dale v. Roosevelt, 9 Cow. p. 310), the evidence could be given that the particular averment had been fraudulently inserted by the mortgagor : “ that a different instrument was substituted instead of the one the defendant supposed he was executing.” í£If a deed be misread or misrepresented to an unlettered man, this may be shown on non est factum, because he had never assented to the contract. So if a man be imposed upon and signs one paper while he believes he is signing another, he cannot be said to have assented, and may show this on non est factum."
The rule is applicable here. The defendant had set up the mortgage in a part of his answer, which averred a counter-claim, and referred to it in other parts of his answer, as set out in the counter-claim. The counterclaim as such was overruled on demurrer. There is a doubt, and yet probably enough was left of the answer to show that the defendant meant to plead affirmatively a justification in taking the property under the mortgage. If this was so, as the plaintiff could not voluntarily put in a reply (§ 153), he must be supposed without pleading to put in issue all that was issuable in the answer, or if the defendant gave the mortgage in ey i *491 dence under the mere general issue made "by the answer, the plaintiff clearly had the same right to contest the validity of the mortgage, that they would have had if it were the subject of a formal issue. I think the evidence was properly admitted.
There were other exceptions taken as to admissions of testimony and the charge of the learned judge. There can be so little contest as to the correctness of his views, that it is not worth while to justify them here.
The testimony given by the plaintiffs themselves was the greater part of all that was given on the subject of the value of the property. That given by the husband has been stated. The wife’s testimony as to value, although admissible, because no objection was taken to her competency to speak on that subject, was not of a satisfactory kind. The jury found a verdict of §3,030. From the charge of the judge I am convinced that the jury gave a weight to the plaintiffs’ testimony that he did not expect. As the testimony as to value given by Louis Ghambovet was material, there should be a new trial, with costs to appellant to abide event.